UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
KAIBIN GUAN,

                              Plaintiff,

          -against-

CITY OF NEW YORK, OFFICER PETER BOYLE,
*Shield # 18572, in his individual and official capacities*,
and OFFICER LUIS LARASAAVEDRA, *Shield #19150*,
*in his individual and official capacities*,

                              Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 2417 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Kaibin Guan brings this action against the City of New York and Officers Peter Boyle and Luis Larasaavedra ("Officer Defendants") of the New York City Police Department, asserting claims under 42 U.S.C. §§ 1981 and 1983. In substance, Plaintiff alleges that on November 13, 2017, while she was at Mount Sinai West/Roosevelt Hospital ("Mount Sinai") attempting to see her adult son, Officers Boyle and Larasaavedra falsely arrested her without probable cause, and involuntarily transported her to Metropolitan Hospital for psychiatric evaluation. (*See* Am. Compl., ECF No. 19.) Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Not. of Mot. for Summ. J., ECF No. 86.) They contend that while Plaintiff was at Mount Sinai, she behaved in a disruptive and disorderly manner, expressed paranoid and irrational beliefs, and refused to leave despite repeated requests.

    Before this Court is Magistrate Judge Barbara C. Moses's September 18, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion for summary judgment

be granted as to the City and denied as to the Officer Defendants.[1] (Report, ECF No. 99, at 1–2.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) After this Court extended the deadline for the parties to submit objections, both Plaintiff and Defendants filed timely objections. (*See* Objs. to Report and Recommendation Denying Defs.' Mot. for Summ. J. in Part ("Defs.' Objs."), ECF No. 105; Letter dated October 23, 2020 ("Pl.'s Objs."), ECF No. 107.) Having reviewed the Report, as well as the parties' objections, this Court declines to adopt that portion of the Report that recommends the Officer Defendants' motion for summary judgment be denied. Defendants' motion for summary judgment is GRANTED.

## I. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Objections must be "specific and clearly aimed at particular

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein. (Report at 2–10.)

2

findings" in the report. *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Accordingly, the clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed.*

*Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

## II. OFFICER DEFENDANTS ARE GRANTED SUMMARY JUDGMENT

As an initial matter, Magistrate Judge Moses appropriately construed Plaintiff's claim as a Section 1983 action based on false arrest. (Report at 13, 15–16.) Magistrate Judge Moses also presumed that Plaintiff "is asserting a state law claim for false arrest, which is 'substantially the same' as its federal counterpart." (Report at 14.) Neither party objects to these conclusions.

To prevail on a false arrest claim, Plaintiff must demonstrate that: (1) the Officer Defendants intentionally confined her, (2) Plaintiff was conscious of the confinement, (3) Plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. *See Jocks v. Tavernier*, 316 F.3d 128, 134–35 (2d Cir. 2003) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)). The parties only dispute whether Plaintiff's confinement was lawful and privileged.

Confinement is deemed "privileged" if probable cause lawfully exists. It is well established that probable cause to arrest[2] "is a complete defense to a claim of false arrest." *Weyant*

---

[2] The term "arrest" is not inherently limited to criminal offenses. An arrest is simply "[a] seizure or forcible restraint, esp. by legal authority." *Black's Law Dictionary* (11th ed. 2019).

4

*v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). In the case of involuntary hospitalization, probable cause exists "if there are reasonable grounds for believing that the person seized is dangerous to herself or to others." *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003) (citation omitted). Further, under New York law, "any police officer who is a member . . . of an authorized police department or force . . . may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others." N.Y. Mental Hyg. Law ("MHL") § 9.41.

"[T]he probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)). Importantly, probable cause does not have to be "predicated upon the offense invoked by the arresting officer, or even upon an offense 'closely related' to the offense invoked by the arresting officer." *Id.*

Defendants make two principal arguments as to why the Officer Defendants' mental health seizure of Plaintiff was justified. First, Defendants argue that probable cause existed to involuntarily hospitalize Plaintiff pursuant to MHL § 9.41, because the Officer Defendants had an objectively reasonable belief that Plaintiff was emotionally disturbed and needed to be hospitalized. (Report at 14.) Alternatively, Defendants argue that probable cause existed to arrest Plaintiff for trespassing or disorderly conduct. (*Id.*)

Magistrate Judge Moses determined that, on the record before the Court, whether probable cause existed to detain Plaintiff under the MHL is a disputed issue of material fact appropriate for consideration by a jury. (*Id.* at 17–22.) Magistrate Judge Moses further concluded that whether

5

the Officer Defendants had probable cause to arrest Plaintiff for trespass or disorderly conduct is irrelevant, as they made no such arrest and cannot justify a mental health seizure on the same probable cause that would permit a misdemeanor arrest. (*Id.* at 22–28.) Finally, Magistrate Judge Moses determined that the Officer Defendants are not entitled to summary judgment on qualified immunity grounds. (*Id.* at 28–32.) Defendants object to all three findings. (*See* Defs.' Objs. at 4–21.)

In *Jaegly*, the Second Circuit made clear that a claim for false arrest "turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly*, 439 F.3d at 154. That is, so long as "the facts known to the arresting officers give probable cause to arrest," the subjective intent of the officers to arrest the individual for a different offense or purpose cannot invalidate an arrest. *Devenpeck v. Alford*, 543 U.S. 146, 154–55 (2004). This applies equally to claims of false arrest whether an individual is arrested for a criminal offense or involuntary hospitalized. Multiple courts in this District have reached a similar conclusion.[3] *See Quon v. Henry*, No. 14 Civ. 9909 (RJS), 2017 WL 1406279, at *8 (S.D.N.Y. Mar. 27, 2017) ("[A]lthough Officers [ ] ultimately decided to hospitalize [him] rather than place him under arrest, they had probable cause to arrest him for obstruction, which is sufficient to defeat [his] false arrest claim.") (citing *Jaegly*, 439 F.3d at 154); *see also Thomas v. City of New York*, No. 09 Civ. 3162 (CM) (HBP), 2010 WL 5490900, at *7–

---

[3] Defendants also cite multiple jury instructions issued in the Southern and Eastern districts that support this proposition. *See, e.g.*, Trial Tr., No. 15 Civ. 1832 (VSB), ECF No. 149, at 82 (S.D.N.Y. May 21, 2019) ("Even if you find that Officer [ ] lacked probable cause to believe plaintiff was a danger to herself or others under the New York Mental Hygiene Law, Officer [ ]'s seizure or detention of the plaintiff is still privileged or lawful so long as Officer [ ] had probable cause to arrest the plaintiff for some crime, regardless of whether any charges were actually invoked at the time of plaintiff's seizure or detention under the Mental Hygiene Law."). (*See also* Defs.' Objs. at 11–12.)

6

12 (S.D.N.Y. Dec. 22, 2010) (analyzing whether probable cause existed to arrest the plaintiff for various crimes notwithstanding the fact that the plaintiff was involuntarily hospitalized and not charged with a crime).

Here, Plaintiff was hospitalized and not charged with any crime. Defendants argue that there was probable cause to seize and transport Plaintiff to Metropolitan Hospital for psychiatric evaluation, and to arrest Plaintiff for trespassing and disorderly conduct. The probable cause analysis for a mental health seizure may differ from trespassing or disorderly conduct, but so long as probable cause existed for the Officer Defendants to seize and detain Plaintiff for any reason, that is sufficient to defeat Plaintiff's claim of false arrest. *See Quon*, 2017 WL 1406279, at *8.

It is undisputed that probable cause for a misdemeanor trespass arrest existed. (Report at 22.) Plaintiff had been removed from Mount Sinai by security personnel and told she was not allowed to return. (*Id.* at 7.) Thereafter, Plaintiff re-entered Mount Sinai, at which point hospital security called the police to return to the hospital because Plaintiff was illegally trespassing. (*Id.*) Indeed, Plaintiff was inside the emergency waiting room when the Officer Defendants arrived at Mount Sinai a second time. (*Id.* at 8.) Accordingly, at the time Plaintiff was seized, probable cause existed for the Officer Defendants to arrest Plaintiff for criminal trespass.[4] Therefore, Defendants have a complete defense to Plaintiff's claim of false arrest.[5]

---

[4] "A person is guilty of criminal trespass in the second degree when: (1) he or she knowingly enters or remains unlawfully in a dwelling." N.Y. PENAL LAW § 140.15.

[5] Alternatively, the Officer Defendants are entitled to qualified immunity. "An officer is entitled to qualified immunity against a suit for false arrest if he can establish that he had 'arguable probable cause' to arrest the plaintiff." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir.2013)). "[A]n officer lacks arguable probable cause and is not entitled to qualified immunity only where 'no officer of reasonable competence could have made the same choice in similar circumstances.'" *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016) (quoting *Lennon v. Miller*, 66 F.3d 416, 420–21 (2d Cir.1995)). "[T]o determine whether a mental-health seizure is justified by arguable probable cause, a court must review the specific observations and information available to the officers at the time of a seizure." *Id.* Here, the Officer Defendants knew that Plaintiff had

7

### III.  THE CITY IS GRANTED SUMMARY JUDGMENT

Magistrate Judge Moses also determined that the City should be dismissed as a defendant, because Plaintiff fails to make any specific allegations against the City, nor any allegation that the officers were carrying out any governmental policy or custom. (Report at 32–33.) Plaintiff objects to this finding. (*See* Pl.'s Objs. at 1–2.) Magistrate Judge Moses properly determined that no facts independently exist to support a claim against the City. Moreover, because the existence of probable cause is fatal to Plaintiff's claim in its entirety, summary judgment must be granted for the City as well.

### IV.  CONCLUSION

Defendants' motion for summary judgment, (ECF No. 86), is GRANTED. The amended complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
       October 29, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

irrationally and repeatedly accused Mount Sinai of kidnapping her son and believed he may be provoked, hit, or raped at the hospital. (Report at 6.) Further, they were told by hospital security that Plaintiff had been screaming at staff and after several hours had been physically removed from the premises. (*Id.* at 7–8.) Finally, a doctor treating Plaintiff's son told Officer Larasaavedra that Plaintiff was emotionally disturbed and needed to be hospitalized. (*Id.* at 8.) Officer Boyle also testified that Plaintiff was handcuffed for everyone's safety, because she was refusing to leave and was "irate and yelling and screaming." (Dep. of Peter Boyle, ECF No. 89-2, at 5.) He further testified that he feared the situation might escalate to the point where Plaintiff "could become physically violent." (*Id.*) Although the facts may not definitively establish dangerousness, they do not support a conclusion that no officer of reasonable competence could have believed Plaintiff to be a danger to herself or others in order to conduct a mental health seizure.