UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

KAIBIN GUAN,

                                 Plaintiff,

                    -against-

CITY OF NEW YORK, OFFICER LUIS LARASAAVEDRA,
shield #19150, in his individual and official capacities,
and OFFICER PETER BOYLE, Shield # 18572, in his
individual and official capacities

                                Defendants.

------------------------------------------------------------------- X

DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR COSTS SOUGHT AGAINST PLAINTIFF

18 Civ 2417 (GBD) (BCM)

RECEIVED
SDNY PRO SE OFFICE
2022 AUG 12 PM 2: 12

Plaintiff, KAIBIN GUAN, declares truly, that:

1. All injustice caused to Plaintiff from all persons of interests of different levels of the courts and law entities by concealing facts, willful leading, perjuries, and arrestment of Jury Trial should lead to further appeal[s] to and corrected by the US Supreme Court, and other processing herein this situation.

    Under existing precedents, the Defendants may still be sued for the reason their actions clearly violate a legal rule laid out in a Supreme Court [herein refer to the US Supreme Court] decision that has not been overruled.

    Another injustice: Plaintiff had made effort to seek video proofs by the summons from the District Court but unjustifiably had been ignored by the Court, and Plaintiff's other evidence had been ignored by all those persons of interest from different levels of the courts and law entities, unjustifiably also.

z> back

2. The Defendants never be deemed as a prevailing party, which is reflected in "The district court did not reach the issue of the existence of probable cause for a mental health arrest.", and "While we conclude that the district court erred in its probable cause analysis," [Defendants' exhibit B, page 3 of 3, lines 10 to 11 and 13 to 14].

   It also outlined that the Defendants failed to hold none of any "Probable Cause" to remove Plaintiff for a mental health evaluation, while the Plaintiff's False Arrest Claim was established.

   Moreover, it reflects that the District Court's 10/30/2022 Judgement [Defendants' exhibit A, the only page] and the 2nd Circuit Court's 07/08/2022 Judgment [Defendants' exhibit B, page 1 of 3] affirming the District Court's dismissing Plaintiff's amended complaint, is simply incoherent, injustice and be denounced.

3. US Federal Court, 2nd Circuit, Case # 20-4002, the appealed case # from district court case # 18 Civ 2417 (GBD) (BCM) 2417, its Opinion ["Opinion" hereinafter], concluded as: " ... No costs."

   [Case 20-4002, Document 92-1, 06/17/2022, 3334259, Page30 of 30], Plaintiff Exhibits # 1, the pages only, note: to reach out for whole document if needed].

4. The Defendants' 07/28/2022 Bill of Cost, Declaration, Exhibits annexed thereto, and all other pleadings and proceedings therein, have failed the 14 days of the time frame of the Bill of Costs Instructions, which date counted from the date of 06/17/2022 the document issued.

   [Case 20-4002, Document 92-2, 06/17/2022, 3334259, Page1 of 1, Plaintiff Exhibits #21, the pages only, note: to reach out for the whole document if needed.]

5. The Defendants had well-known the Plaintiff has acquired approval for the low-income exemption of fees charges [see ECF records] from the beginning of the filing of the claims, which has been concealed by their counsels, moreover, the Defendants' representative unit has equipped with ECF account[s] and this has remained all the time before their motion of seeking for cost declared clearly on 07/28/2022, pursuant to 28 U.S.C. §1746 and under penalty of perjury.

   [Note: Plaintiff, currently back in Por Se, with no ECF account, and requests all communication conducted well by the paper-hard-copy-mailed entity.]

→ back

6. The Defendants' transcription of deposition had been rejected by Plaintiff for the reasons of many deviates found, and the rejection has been conveyed to the District Court; Plaintiff requested by representative[s] then, to the Defendant to offer genuine audio and video record to check and prove the deviations, but has been ignored, also unjustifiably.

   One example to reflect the means of the deviations: is to add or omit the word "not" to create "facts" in favor of the Defendants. Lots of these creations in the transcription may lead to penalties of perjury against many persons in steaks, pursuant to 8 U.S.C. §1746 [Defendants' counsel's Declaration [Page 1, line 1 to 2.]

   The defendants failed to establish facts to support their "arguable probable cause", but only altered attention to the possible transcription perjury to establish their so call cause or evidence which will "help" those willful biased leadings from some of the justices to create those injustice Judgement, Opinion, Orders, etc.

7. Qualified immunity is not supposed to be absolute immunity.
   The Defendants can still be sued and lose their protection of immunity for their conduct had violated clearly established statutory or constitutional rights of which a reasonable person would have known, as herein Constitution Amendments Four "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, ….", introduced in 1789, and Fourteen "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.", passed by Congress June 13, 1866, which both had been established a long time before the moment the Defendants falsely arrest Plaintiff.

   The Defendants also are not entitled to qualified immunity for the reason their actions clearly violate a legal rule laid out by the federal appeals court (herein referred to as the "circuit" court) that is supposed to oversee the jurisdiction where the Defendants are sued and return justice to Plaintiff, only in this situation unjustifiably biased to the Defendants.

Wherefore,

z> back

Plaintiff seriously and strongly objects to all incorrect, injustice parts/motions/opinions/decisions/orders/judgments, and to move this Court and its justices, for due correct, respect, and good virtues, return justice, to overturn the Defendants' Bill of Costs, the 07/28/2022 Declaration, exhibits annexed thereto, and all other pleadings and proceedings had therein;

Plaintiff seriously and strongly requests this Court and its good virtue justices to face without confusion the Defendants' wrongful actions clearly violate legal rules laid out by federal appeals [circuit] court[s] to overturn all previous injustice decisions to return justice and remedies to Plaintiff.

Plaintiff seriously and strongly requests again, this time, to this Court to order the Defendants to offer the original genuine audio/video record to check and prove all deviate details, which may lead to supporting pieces of evidence for further procedures and other proceedings, or instruct the means to establish the access to these pieces of evidences.

Date: New York, New York

August 08, 2022

*Kaibin Guan* (signature)

Kaibin Guan, Plaintiff, Pro Se

33 West End Ave., 10H, New York, NY 10023

Tel #: (631) 506-3354

cc: <u>VIA In-Person Delivery</u>

HON. SYLVIA O. HINDS-RADIX         And         Christopher Arko
Corporation Counsel of the City of New York            Senior Counsel
Attorney for Defendants                                Special Federal Litigation Division
100 Church Street
New York, New York 10007
Tel.: (212) 356-5044

=> back.

Plaintiff Exhibits #1.

cause existed to believe that Guan presented a danger to herself or others, including her son. *Id.* (emphasis in original); *see also Ziglar*, 137 S. Ct. at 1867.

## CONCLUSION

For the reasons set forth above, the judgment of the district court dismissing the amended complaint is AFFIRMED. No costs.

30

Plaintiff Exhiebits #2: (les)

# United States Court of Appeals for the Second Circuit
## Thurgood Marshall U.S. Courthouse
### 40 Foley Square
### New York, NY 10007

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

Date: June 17, 2022
Docket #: 20-4002cv
Short Title: Guan v. City of New York

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 18-cv-2417
DC Court: SDNY (NEW YORK CITY)
DC Judge: Daniels

## BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
* be filed within 14 days after the entry of judgment;
* be verified;
* be served on all adversaries;
* not include charges for postage, delivery, service, overtime and the filers edits;
* identify the number of copies which comprise the printer's unit;
* include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
* state only the number of necessary copies inserted in enclosed form;
* state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
* be filed via CM/ECF or if counsel is exempted with the original and two copies.

**PRIORITY ★ MAIL ★ EXPRESS**™

From: Kaibin Guan
Plaintiff
33 West End Ave., 10H
New York, NY 10023

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*

Via: Delivery In-Person

To: Judgment Clerk, Justices
United States Courthouse for Southern District of NY
500 Pearl Street, Rm 250
New York, New York 10007

Received on
8/11/2022
Appeals

Case # 18 CiV 2417 (GBD)(BCM)
(US Federal Court, SDNY)


EP13F July 2013
PS10001000006  OD: 12.5 x 9.5

2022 AUG 12 PM 2:10

RECEIVED
SDNY PRO SE OFFICE


GUARANTEED*
★ ★ ★
TRACKED
★ ★ ★
INSURED
★


**UNITED STATES POSTAL SERVICE**®

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select international destinations. See DMM and IMM at pe.usps.com for complete details.
* For international shipments, the maximum weight is 4 lbs.