UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
KAIBIN GUAN,

                    Plaintiff,

    -against-

CITY OF NEW YORK, OFFICER PETER BOYLE,
Shield No. 18572, *in his individual and official capacities*,
and OFFICER LUIS LARASAAVEDRA, Shield No.
19150, *in his individual and official capacities*,

                    Defendants.
------------------------------------------ x

MEMORANDUM DECISION
AND ORDER

18 Civ. 2417 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Kaibin Guan seeks a court order relieving her from paying costs of $2,242.60 that Defendants seek to have taxed against her pursuant to Federal Rule of Civil Procedure 54(d). (ECF No. 117.) Plaintiff contends that the imposition of costs would cause significant hardship with respect to her present financial status and obligations. (*Id.*; *see also* ECF No. 116.) Defendants have not responded to Plaintiff's motion.

"Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984) (an award of costs "against the losing party is the normal rule obtaining in civil litigation, not an exception"). As such, the losing party bears the burden of showing that an award of costs would be inequitable under the circumstances. *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, No. 06 Civ. 6510, 2011 WL 2893087, at *6 (S.D.N.Y. July 14, 2011). Among the equitable factors a court may consider in exercising its discretion are the plaintiff's indigence and financial hardship. *See e.g., Commer v. McEntee*, No. 00 Civ. 7913, 2007 WL 2327065, at *3 (S.D.N.Y. Aug. 13, 2007). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx*, 568 U.S. at 373.

1

The record in this case sufficiently establishes Plaintiff's indigency and the financial hardship she would suffer if this Court were to impose the costs sought by Defendants. In Plaintiff's request to proceed *in forma pauperis* in this action, dated March 16, 2018, Plaintiff provided a sworn statement that she earns $2,000 a month in gross pay and her monthly expenses exceed $1,500. (ECF No. 1.) Plaintiff further stated that she possesses only $650 in personal bank accounts and that she has no real estate, stocks or bonds, automobiles, or other valuable property. (*Id.*) Plaintiff's submissions in connection with the instant motion indicate that her financial status has not changed since 2018. (*See* ECF No. 116, at 1 (representing that she remains indigent and "cannot afford the burden of paying Defendants' costs").) Plaintiff has therefore demonstrated that she possesses limited financial resources and that imposition of the costs sought by Defendants would cause her significant hardship. *See e.g., Lancaster v. Lord*, No. 90 Civ. 5843, 1993 WL 97258, at *2 (S.D.N.Y. Mar. 31, 1993) (vacating an award of costs on the basis that paying $1080 would constitute financial hardship for plaintiff where plaintiff's sole assets were approximately $2600 in savings and a monthly social security check of $572).

Having concluded that it would be inequitable to tax costs against Plaintiff, this Court exercises its discretion to deny an award of costs to Defendants. Plaintiff's unopposed motion, (ECF No. 117), is GRANTED.

Dated: March 1, 2023
    New York, New York
    **MAR 0 1 2023**

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

2